76 F.3d 1244
 316 U.S.App.D.C. 191
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Harvey Bonham FOX, Petitioner,
v.
David R. HINSON, Administrator, Federal Aviation
Administration; National Transportation Safety
Board, Respondents.
 No. 94-1638.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 26, 1995.
 
 Before: SILBERMAN, SENTELLE, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition for review and the motion of the Administrator of the Federal Aviation Administration to strike, and the response thereto, were considered on the record from the National Transportation Safety Board ("NTSB") and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED that the motion to strike be granted. Because the document entitled "Offer of Proof" was not submitted to the NTSB, it may not properly be made a part of the record on appeal. It is
 
 
 3
 FURTHER ORDERED AND ADJUDGED that the petition for review from the NTSB's order served March 31, 1994, be denied for the reasons stated in the accompanying memorandum.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 5
 The NTSB's decision that petitioner violated sections 91.9 and 91.65(d) of the Federal Aviation Regulations ("FAR") is supported by substantial evidence. See, e.g., Throckmorton v. Nat'l Transp. Safety Bd., 963 F.2d 441, 444 (D.C.Cir.1992). Petitioner violated the above FAR regulations by first improperly setting his radio to the wrong frequency, failing to establish two-way communication to ensure that he was connected to the controller monitoring his air space, and mishearing and accepting a clearance issued to another flight which did not have a similar call sign. Air traffic control was not the initiating, or principal, cause of petitioner's deviation from his assigned altitude. See, e.g., Administrator v. Frohmuth and Dworak, NTSB Order EA-3816, 1993 WL 75479 (1993); Administrator v. Nelson and Keegan, 2 NTSB 1900 (1975); Administrator v. Snead, 2 NTSB 262 (1973).
 
 
 6
 Moreover, the NTSB properly determined that the incident involving the other TWA flight, evidence of which petitioner unsuccessfully sought to introduce at trial, is factually distinguishable from the instant case; therefore, its exclusion was harmless error. Finally, the Administrative Law Judge's determination that the testimony of the FAA's expert was more credible than that of petitioner's expert is entitled to great deference. See Chen v. General Accounting Office, 821 F.2d 732, 738 (D.C.Cir.1987).